IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 2:13-33 |
| | : | 18 U.S.C. § 1341 |
| | : | 18 U.S.C. § 1343 |
| v. | : | 26 U.S.C. § 7206(1) |
| | : | 26 U.S.C. § 7203 |
| | : | 18 U.S.C. § 981(a)(1)(C) |
| | : | 18 U.S.C. § 982(a)(2) |
| TIMOTHY DAVID MAYS | : | 28 U.S.C. § 2461(c) |

**INDICTMENT**

**COUNTS 1-28**
(Wire Fraud)

**THE GRAND JURY CHARGES:**

**BACKGROUND**

1. At times relevant to this indictment, the Defendant, **TIMOTHY DAVID MAYS** was the CEO of MaysGroup Financial in Summerville, South Carolina and the CEO of Life Trust Financial, LLC in Summerville, South Carolina

2. At times relevant to this Indictment, the Defendant, **TIMOTHY DAVID MAYS**, had signature authority of the following bank accounts at Community First Bank: Timothy Mays DBA LifeTrust Financial # ******2374; LifeTrust Financial LLC Operating Account # ******1492; and Timothy D. Mays # ******2478.

3. At times relevant to this Indictment, the Defendant, **TIMOTHY DAVID MAYS**, had signature authority of the following bank account at First National Bank of South Carolina: Timothy D Mays DBA MaysGroup Financial # ******0464.

4. At times relevant to this Indictment, the Defendant, **TIMOTHY DAVID MAYS**, was licensed by the South Carolina Department of Insurance to sell life insurance and accident/health insurance.

5. From in or about November 2008 until at least in or about June 2011, in the District of South Carolina, and elsewhere, the Defendant, **TIMOTHY DAVID MAYS**, having knowingly and willfully devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises did knowingly cause to be transmitted by means of wire, radio, and television communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice to defraud.

## MANNER AND MEANS OF THE SCHEME

6. It was part of the scheme and artifice to defraud that the Defendant, **TIMOTHY DAVID MAYS**, doing business as MaysGroupFinancial and/or LifeTrust Financial, did and caused to be done the following:

a. **MAYS** represented that he provided financial services, including the sale of annuities and CD's.

b. **MAYS** placed advertisements in local publications, including those for senior citizens and retirees, for the sale of CD's facilitated through Community First

Bank and/or Ally Bank. As a promotional incentive, **MAYS** promised that investors would receive the advertised rate of return even if the actual bank rate was lower than advertised. **MAYS** also promised that investors would receive bonuses for 401/IRA conversions and rollovers to CD's if they met threshold investment funding amounts of $25,000.00 or more.

c. **MAYS** placed such advertisements and made such representations knowing that he did not have any business, commercial, or working relationship with Community First Bank and/or Ally Bank to sell CD's or any other investment products.

d. **MAYS** solicited and got investors to sign contracts agreeing to invest money with **MAYS** for annuities or CD's. The CD investments were usually in 3, 6, 9 or 12 month installments with an interest rate between 3% and 4%. The investors would then provide **MAYS** with a check(s) for various amounts, which were drawn from their personal checking accounts. **MAYS** would subsequently provide the investors with some or all of the following documents via U.S. Mail, commercial carrier, or hand-delivery: an estimate of interest that would be earned, a Truth in Savings Disclosure Form with an account number, a questionnaire, a Financial Suitability Review Form, a Receipt of Funds, and a Transaction Receipt for a CD and/or annuity allegedly facilitated through MaysFinancial Group or LifeTrust Financial from Ally Bank and/or Community First Bank.

e. **MAYS** solicited and received approximately $1,089,455.57 from seventeen

      investors, including married couples that count as one investor, under the false pretense that all, or substantially all, of the monies provided by investors would be used for investment opportunities which would return to the investor all of the principal and a return on the investment.

f.    **MAYS** initially deposited the investor's checks into his First National Bank of South Carolina account named "Timothy D Mays DBA MaysGroup Financial # ******0464" or into his Community First Bank account named "Timothy Mays DBA LifeTrust Financial # ******2374." He sometimes transferred these deposits to his other bank accounts, including his personal bank account at Community First Bank named Timothy D. Mays # ******2478."

g.    **MAYS** only invested $200,000 of one investor's money of the approximately $1,089,455.57 of funds he obtained from investors. Instead, he spent approximately $686,447.78 of the money on a variety of personal and business expenditures, including child support, dental/medical expenses, rent/utilities for home and office, luxury items, vacations, and an automobile.

h.    In order to prolong the scheme, **MAYS** returned approximately $203,007.79 of the investor funds involving nine investors, including four investors who threatened to contact law enforcement authorities or who did contact law enforcement authorities.

i.    In order to further prolong the scheme, **MAYS** would assure investors who questioned the status and security of their investments by telling them that their

investments were doing well.

## THE INTERSTATE WIRE COMMUNICATIONS

7. On or about the date listed below, in the District of South Carolina, and elsewhere, the Defendant, **TIMOTHY DAVID MAYS**, having devised and intended to devise a material scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, as described herein, and for the purpose of executing the material scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted by means of wire, radio, and television communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice to defraud, that is, the Defendant, **TIMOTHY DAVID MAYS**, caused investor's checks drawn on various banks and credit unions to be deposited into his bank accounts in South Carolina and electronically routed through the Federal Reserve System from South Carolina to another state or states and back, as set forth below:

| COUNT | DATE | Check # | Deposit Amount | Investor/Victim |
|---|---|---|---|---|
| 1 | 11/24/2008 | 4283654 | $3,500.00 | D.K., whose full name is known to the Grand Jury. |
| 2 | 02/10/2009 | 1203 | $10,000.00 | B.Mc., whose full name is known to the Grand Jury. |

| | | | | |
|---|---|---|---|---|
| 3 | 02/17/2009 | 1204 | $10,000.00 | B.Mc., whose full name is known to the Grand Jury. |
| 4 | 03/17/2009 | 1209 | $500.00 | B.Mc., whose full name is known to the Grand Jury. |
| 5 | 05/11/2009 | 1017 | $5,000.00 | M.D., whose full name is known to the Grand Jury. |
| 6 | 05/28/2009 | 2074 | $100,000.00 | W.D., whose full name is known to the Grand Jury. |
| 7 | 05/28/2009 | 2075 | $100,000.00 | W.D., whose full name is known to the Grand Jury. |
| 8 | 05/28/2009 | 2076 | $100,000.00 | W.D., whose full name is known to the Grand Jury. |
| 9 | 08/14/2009 | 507 | $600.00 | D.K., whose full name is known to the Grand Jury. |
| 10 | 08/14/2009 | 1221 | $20,000.00 | B.Mc., whose full name is known to the Grand Jury. |
| 11 | 12/17/2009 | 5383 | $300,000.00 | J.L., whose full name is known to the Grand Jury. |
| 12 | 02/01/2010 | 1077 | $18,000.00 | J.M., whose full name is known to the Grand Jury. |
| 13 | 04/23/2010 | 96 | $50,000.00 | L.A., whose full name is known to |

| | | | | |
|---|---|---|---|---|
| | | | | the Grand Jury. |
| 14 | 05/14/2010 | 1061 | $15,000.00 | H.K., whose full name is known to the Grand Jury. |
| 15 | 05/14/2010 | 2864 | $30,000.00 | H.K., whose full name is known to the Grand Jury. |
| 16 | 06/16/2010 | 4517 | $20,000.00 | L.L., whose full name is known to the Grand Jury. |
| 17 | 08/03/2010 | 3201 | $15,390.61 | C.H. and S.H., whose full names are known to the Grand Jury. |
| 18 | 08/03/2010 | 3202 | $34,609.39 | C.H. and S.H., whose full names are known to the Grand Jury. |
| 19 | 08/27/2010 | 2001 | $12,000.00 | G.M., whose full name is known to the Grand Jury. |
| 20 | 09/30/2010 | 892 | $10,000.00 | S.R., whose full name is known to the Grand Jury. |
| 21 | 09/30/2010 | 1155 | $15,000.00 | S.R., whose full name is known to the Grand Jury. |
| 22 | 10/20/2010 | 1022 | $15,000.00 | S.R., whose full name is known to the Grand Jury. |
| 23 | 10/22/2010 | 656 | $14,000.00 | F.D., whose full name is known to |

| | | | | |
|---|---|---|---|---|
| | | | | the Grand Jury. |
| 24 | 01/05/2011 | 1200532466 | $21,220.51 | E.S., whose full name is known to the Grand Jury. |
| 25 | 03/29/2011 | 4726 | $7,535.06 | L.L., whose full name is known to the Grand Jury. |
| 26 | 04/08/2011 | 1035 | $20,000.00 | D.J., whose full name is known to the Grand Jury. |
| 27 | 05/24/2011 | 2875 | $16,600.00 | P.W., whose full name is known to the Grand Jury. |
| 28 | 06/07/2011 | 648778 | $123,000.00 | D.B., whose full name is known to the Grand Jury. |

All in violation of Title 18, United States Code, Section 1343.

### COUNTS 29-32
(Mail Fraud)

**THE GRAND JURY FURTHER CHARGES**:

1. The first six paragraphs of this Indictment are realleged and incorporated herein by reference.

2. On or about the dates listed below, in the District of South Carolina, and elsewhere, the Defendant, **TIMOTHY DAVID MAYS**, for the purpose of executing the aforesaid material scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowingly did place and caused to be placed the following items,

materials, and proceeds in an authorized depository for mail matter to be sent and delivered by the United States Postal Service or by commercial interstate carriers, from Summerville, South Carolina to the individuals and locations as set forth below:

| COUNT | DATE | MAILING |
|---|---|---|
| 29 | April 11, 2011 | Letter to L.L, of Summerville, South Carolina, whose full name is known to the Grand Jury, stating in part that "We should have your annuity account finalized in the next two weeks." |
| 30 | In or about August 2010 | Letter to C.H. and S.H., of Mount Pleasant, South Carolina, whose full names are known to the Grand Jury, containing documents regarding their investment. |
| 31 | April 13, 2011 | Letter to J.L.and S.L., of Summerville, South Carolina, whose full names are known to the Grand Jury, stating that J.L.'s annuity is in tax deferment status and that he/she did not have a tax obligation concerning the investment for calendar year 2010. |
| 32 | In or about April 2011 | Letter to D.J., of Mount Pleasant, South Carolina, whose full name is known to the Grand Jury, regarding his/her investment. |

All in violation of Title 18, United States Code, Section 1341.

## COUNT 33
(Willfully Subscribing a False Income Tax Return)

**THE GRAND JURY FURTHER CHARGES:**

1. During the calendar year 2006, the Defendant, **TIMOTHY DAVID MAYS**, was employed by two companies and was issued a Form W-2, Wage and Tax Statement, by each company listing the employee wages he was paid

2. During the calendar year 2006, the Defendant, **TIMOTHY DAVID MAYS**, also received non-employee compensation from two companies and was issued a Form 1099-MISC, Miscellaneous Income, by each company listing the compensation he was paid.

3. On or about February 26, 2007, in the District of South Carolina, the Defendant, **TIMOTHY DAVID MAYS,** a resident of Summerville, South Carolina, did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2006, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. That U.S. Individual Income Tax Return, Form 1040, for calendar year 2006, which was prepared and signed in the District of South Carolina and was filed with the Internal Revenue Service, stated that his total income (line 22) was $38,640.00, whereas, as he then and there knew and believed, his total income (line 22), was $124,246.38.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT 34
(Willfully Failing to File an Income Tax Return)

**THE GRAND JURY FURTHER CHARGES:**

1.  During the calendar year 2007, the Defendant, **TIMOTHY DAVID MAYS**, was employed by three companies and was issued a Form W-2, Wage and Tax Statement, by each company listing the employee wages he was paid.

2.  During the calendar year 2007, the Defendant, **TIMOTHY DAVID MAYS**, received non-employee compensation from four companies and was issued a Form 1099-MISC, Miscellaneous Income, by each company listing the compensation he was paid.

3.  During the calendar year 2007, the Defendant, **TIMOTHY DAVID MAYS**, who was a resident of Summerville, South Carolina, had and received gross income of $39,884.69. By reason of such gross income, he was required by law, following the close of the calendar year 2007 and on or before April 15, 2008, to make an income tax return to the Internal Revenue Service Center, at Atlanta, Georgia, to a person assigned to receive returns at the local office of the Internal Revenue Service at Charleston, South Carolina, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2008, in the District of South Carolina and elsewhere, to make an income

tax return.

In violation of Title 26, United States Code, Section 7203.

## COUNT 35
(Willfully Failing to File an Income Tax Return)

**THE GRAND JURY FURTHER CHARGES**:

1. The first six paragraphs of this Indictment are realleged and incorporated herein by reference.

2. During the calendar year 2008, the Defendant, **TIMOTHY DAVID MAYS**, was employed by a company and was issued a Form W-2, Wage and Tax Statement, by the company listing the employee wages he was paid.

3. During the calendar year 2008, the Defendant, **TIMOTHY DAVID MAYS**, received non-employee compensation from four companies and was issued a Form 1099-MISC, Miscellaneous Income, by each company listing the compensation he was paid.

4. During the calendar year 2008, the Defendant, **TIMOTHY DAVID MAYS**, was paid a "management fee" by D.K., whose full name is known by the Grand Jury, in connection with certain investments **MAYS** claimed he was going to manage for D.K.

5. During the calendar year 2008, the Defendant, **TIMOTHY DAVID MAYS**, who was a resident of Summerville, South Carolina, had and received gross income of $60,474.49. By reason of such gross income, he was required by law, following the

close of the calendar year 2008 and on or before April 15, 2009, to make an income tax return to the Internal Revenue Service Center, at Atlanta, Georgia, to a person assigned to receive returns at the local office of the Internal Revenue Service at Charleston, South Carolina, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2009, in the District of South Carolina and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

## COUNT 36
(Willfully Failing to File an Income Tax Return)

**THE GRAND JURY FURTHER CHARGES**:

1. The first six paragraphs of this Indictment are realleged and incorporated herein by reference.

2. During the calendar year 2009, the Defendant, **TIMOTHY DAVID MAYS**, received non-employee compensation from four companies and was issued a Form 1099-MISC, Miscellaneous Income, by each company listing the compensation he was paid.

3. During the calendar year 2009, the Defendant, **TIMOTHY DAVID MAYS**, misappropriated $396,100.00 of funds entrusted to him by investors for investment

purposes.

4. During the calendar year 2009, the Defendant, **TIMOTHY DAVID MAYS**, who was a resident of Summerville, South Carolina, had and received gross income of $405,217.41. By reason of such gross income, he was required by law, following the close of the calendar year 2009 and on or before October 16, 2010, to make an income tax return to the Internal Revenue Service Center, at Atlanta, Georgia, to a person assigned to receive returns at the local office of the Internal Revenue Service at Charleston, South Carolina, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about October 16, 2010, in the District of South Carolina and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

## FORFEITURE ALLEGATIONS

1. Upon conviction for violations of Title 18, United States Code, Sections 1341 and 1343, as charged in this Indictment, the Defendant, **TIMOTHY DAVID MAYS**, shall forfeit to the United States any property, real or personal, which constitutes or is derived from any proceeds the Defendant obtained, directly or indirectly, as the result of such violation, and any property traceable to such property.

2. Pursuant to 18 U.S.C. § 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the violation charged in this Indictment includes, but is not limited to, the following:

    a. <u>Proceeds</u>:

        The sum of $686,447 in United States currency, and all interest and proceeds traceable thereto, in that such sum in the aggregate constitutes proceeds the Defendant obtained, directly or indirectly, as the result of his violations of 18 U.S.C. §§1341 or 1343 as charged in the Indictment;

3. If any of the property described above, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. §982(b)(1) and 28 U.S.C.§2461(c), to seek forfeiture of any other property of the said Defendant up to the value of the forfeitable

property described above.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2); and Title 28, United States Code, Section 2461(c).

A \_\_\_\_TRUE\_\_\_\_ BILL

_____
FOREPERSON

*[signature: Nathan Williams for]*
WILLIAM N. NETTLES (DHS)
UNITED STATES ATTORNEY